```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                       :
BRENT MORRIS,                          :
                                       :
         Petitioner,                   :   Civ. No. 14-6785 (NLH)
                                       :
    v.                                 :   OPINION
                                       :
RENEE BAKER, et al.,                   :
                                       :
         Respondents.                  :
_____:
```

APPEARANCES:
Brent Morris, #29890
Northern Nevada Correctional Center
P.O. BOX 700
Carson City, NV 89702
    Petitioner Pro se

Brian Uzdavinis
Office of the Attorney General
P.O. Box 086
Trenton, NJ 08625
    Counsel for Respondents

HILLMAN, District Judge

    This matter is presently before the Court upon receipt of a Motion to Appoint Pro Bono Counsel and Request for an Evidentiary Hearing (ECF No. 5), filed by Petitioner Brent Morris, a prisoner currently confined at the Northern Nevada Correctional Center in Carson City, Nevada. For the reasons set forth below, the motions are DENIED without prejudice.

I.   BACKGROUND

On or about October 28, 2014, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 and challenges the calculation of his sentence. (ECF No. 1).  On November 12, 2014, the Court issued an Order to Answer. (ECF No. 3).  Petitioner filed the instant motion on or about December 2, 2014. (ECF No. 5).  Since the filing of the instant motion, Respondents have filed their Answer (ECF Nos. 6, 7) and Petitioner has submitted a Reply (ECF No. 8).

In his motion, Petitioner explains that he has limited access to federal case law and other materials. (Mot. 2, ECF No. 5).  He asserts that the issues involved in this case are complex and that he does not have the legal knowledge or the skills to effectively present his argument.  Additionally, Petitioner contends that he does not have the funds to pay for counsel on his own.  Finally, Petitioner states that his claims will likely succeed and that the Court will also benefit from the appointment of counsel.  Petitioner cites numerous federal decisions in support of his motion.  However, aside from the caption of his motion, his submission makes no further mention of his request for an evidentiary hearing.

## II.  DISCUSSION

A. Pro Bono Counsel

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997) (noting no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings."), superseded on other grounds by statute, 28 U.S.C. § 2254(d).  However, counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see also 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim. See Biggins v. Snyder, 2001 WL 125337 at * 3 (D. Del. Feb. 8, 2001) (citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted).  Next, the Court must determine whether the appointment of counsel will benefit the petitioner and the Court

3

by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. See id. (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993)) (other citations omitted). "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." Id. (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, 1992 WL 184358 at * 1 (D.N.J. July 10, 1992) (stating that the factors the court should consider in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

Even assuming that the instant Petition presents meritorious, non-frivolous claims, the Court finds that the appointment of counsel at this time will not benefit the Court and Petitioner.  Upon review of the pleadings, this case appears to be "straightforward and capable of resolution on the record." See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)).  A review of this case reveals that

4

neither the legal issues that Petitioner must address, nor the factual underpinnings of his allegations are so complex as to warrant representation by an attorney at this time.  The procedural history is not in dispute and the overall allegations of the Petition do not appear to be either factually or legally complicated.  The record provided by Respondents should provide the Court with the information needed to resolve this case.

Additionally, Petitioner's claims have been presented thoroughly, the contours of his underlying arguments are clear, and — as the record in this case reflects — Petitioner is capable of filing motions and other documents which include citations to relevant case law.

Therefore, the Court denies Petitioner's application to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court at this time.  In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte by the Court or upon a motion properly filed by Petitioner. See e.g., Saunders v. Warren, No. 13-2794, 2014 WL 6634982, at *3 (D.N.J. Nov. 21, 2014) (denying without prejudice motion for the appointment of pro bono counsel); Laster v. Samuels, No. 06-6017, 2007 WL 2300747, at *1 (D.N.J. Aug. 6, 2007) (same).

B. <u>Request for Evidentiary Hearing</u>

Section 2254 provides for evidentiary hearings only in extremely limited circumstances:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that —
>
> (A) the claim relies on —
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)-(B).

Here, Petitioner does not set forth any argument in support of his request for an evidentiary hearing.  Thus, at this time, there is no basis to grant Petitioner's request and it is denied without prejudice.

6

III. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Appoint Pro Bono Counsel and Request for an Evidentiary Hearing (ECF No. 5) is denied without prejudice.

An appropriate Order follows.

                                                __s/ Noel L. Hillman_____
                                                NOEL L. HILLMAN
                                                United States District Judge

Dated: September 16, 2015
At Camden, New Jersey