```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
BRENT MORRIS,                       :
                                    :
         Petitioner,                :   Civ. No. 14-6785 (NLH)
                                    :
    v.                              :   OPINION
                                    :
RENEE BAKER, Warden, Nevada         :
Department of Corrections and       :
THE ATTORNEY GENERAL OF NEW         :
JERSEY,                             :
                                    :
         Respondent.                :
_____:
```

APPEARANCES:
Brent Morris, No. 29890
Northern Nevada Correctional Center
P.O. Box 700
Carson City, NV 89702
    Petitioner Pro se

Brian Uzdavinis
Office of the Attorney General
P.O. Box 086
Trenton, NJ 08625
    Counsel for Respondents

HILLMAN, District Judge

Petitioner Brent Morris ("Petitioner"), a prisoner presently incarcerated at the Northern Nevada Correctional Center in Carson City, Nevada, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. 1. Mr. Morris's sole grievance raised in the Petition is that his New Jersey state sentence failed to account for time during which he was incarcerated pre-trial on a New Jersey

detainer while he was in the state of Nevada.  By order of
Court, Respondents filed an Answer to the Petition (the
"Answer"), ECF No. 6, and supplemental exhibits, ECF No. 14.
Petitioner filed a reply to the Answer (the "Reply").  ECF No.
8.  The Court requested supplemental briefing regarding whether
the Petition is now moot because the Petitioner has fully served
the sentence at issue, ECF No. 15, which the parties provided,
ECF Nos. 16, 17. The Petition is ripe for disposition.  For the
reasons stated below, the Petition will be denied.

**I. BACKGROUND**

    **A.    Allegations Contained In The Petition**

In 2013, Petitioner faced various state felony charges
arising from his conduct at the craps tables of various Atlantic
City, New Jersey, casinos.  ECF No. 1, Pet. at 3.  Petitioner
pled guilty on March 4, 2013, to four counts of violations of
N.J.S.A. 5:12-113, swindling and cheating in the third degree,
contained in three separate state indictments lodged against
him.  Id.; ECF No. 7-3, Indictments; ECF No. 7-5, Plea
Agreement.  Petitioner alleges that his guilty plea agreement
contained the following:

> The prosecutor has agreed to recommend for dismissal:
> all remaining counts . . . 4 years NJSP concurrent to
> any other state's sentence.  Credit for time served in
> ACJF or on NJ detainer out of state (Nevada or
> Michigan).  Counsel to provide info.  Forfeiture of

>       all $ seized.  Restitution of $34,620.

ECF No. 1, Pet. at 3.  See also ECF No. 7-5, Plea Agreement.

At sentencing on April 19, 2013, Petitioner objected to the proposed calculation of the discretionary jail time credits, presenting the following argument, as recited in the Petition:

> The language of the negotiated plea agreement signed by all parties on March 4, 2013 clearly states that I am entitled to receive additional jail credits for any detainers filed against me during the time I was arrested in Michigan and Nevada.  I was arrested on September 22, 2010 in Las Vegas, Nevada.  While I was incarcerated at the Clark County Detention Center, Las Vegas, Nevada, officials in New Jersey lodged a detainer against me on . . . June 30, 2010 and also on December 10, 2010 . . . pursuant to a bench warrant and a detainer signed by you, Judge, on the same date of December 10, 2010. . . .  I am entitled to the 940 days of jail credits calculated from the date September 22, 2010, my arrest date in Las Vegas Nevada, to the present time of sentencing, which is today, April 19, 2013.

ECF No. 1, Pet. at 6.  Petitioner went on to state that he was informed at the time he entered into the plea agreement that he would be entitled to these credits, and he questioned why no one explained to him at the time of his plea agreement that he would not be entitled to the disputed jail credits.  Id. at 5.

As Petitioner states in his Petition, "Petitioner's sole contention on appeal is that he was denied the benefit of his plea bargain because Judge Donio [the trial court and sentencing judge] failed to award him 940 discretionary jail credits for

3

the time he spent in confinement in the state of Nevada."[1]  Id. at 5-6.  Petitioner calculates the time he is allegedly owed from the date he was arrested in Nevada in September 2010.  Id. at 4.  As a result of the denial of these jail credits, Petitioner states that his sentence is unconstitutional in violation of the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  Id. at 3.

In his supplemental brief addressing whether his Petition is now moot because he has served his sentence at issue, Petitioner asserts that "[e]ven though collateral consequences are not presumed, Petitioner may still avoid a finding of mootness if he can show a continuing injury, or collateral consequences, that is sufficient."  ECF No. 17, Pet'r Suppl. Br. at 4.  Petitioner does not identify any injury or collateral consequence to him personally, but suggests that "there is more at stake than the completion of his New Jersey prison sentence of 4 years; at stake is the honor of the government, public confidence in the fair administration of justice, and the efficient administration of justice."  Id. at 5.

---

[1] On November 12, 2014, the Court issued an Order advising the Petitioner of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  ECF No. 2.  The Petitioner elected to proceed on the § 2254 Petition because he had exhausted in state court his sole claim for relief in the Petition, the calculation of his jail time credits.  ECF No. 4.

**B. Factual Background Contained In The Record**

A thorough review of the record reveals the following timeline of events prior to and after Petitioner's sentencing in New Jersey.[2] Petitioner was initially arrested and jailed in Atlantic County on May 27, 2010, for conduct occurring on that day as well as on March 14 and 15, 2010. ECF No. 7-3, Indictments; ECF No. 7-8, Sent'g Tr. at 8. He posted bail on June 10, 2010, for the aforementioned offenses but failed to appear later that month for an unspecified hearing on the charges. ECF No. 7-8, Sent'g Tr. at 8. Thus, on June 30, 2010, a New Jersey bench warrant was issued for Petitioner. Id. That warrant, however, only covered the Eastern United States. ECF No. 7-8, Sent'g Tr. at 8. See also ECF No. 14-2, Atlantic County Memorandum Regarding Territorial Limits for Bench Warrants Based on Degree of Offense.

Thereafter, he was separately arrested and detained in the Clark County Jail in Nevada on September 22, 2010, for an outstanding Michigan warrant and, at some point, charges in Nevada. ECF No. 7-8, Sent'g Hr. at 8. Although in custody, the Petitioner was beyond the territorial limits of the June 30 warrant and detainer. See ECF No. 7-8, Sent'g Tr. at 8; ECF No.

---

[2] No comprehensive recitation of the facts exists in the state court record.

14-2, Memorandum. While incarcerated in Nevada, another New Jersey bench warrant was signed on December 10, 2010, but which warrant was still limited territorially to the Eastern United States. ECF No. 14-3, Bench Warrant.

On March 18, 2011, Petitioner was found guilty after trial in Nevada on Nevada state charges and eventually sentenced to eight to twenty years' imprisonment. ECF No. 7-8, Sent'g Tr. at 8. At some point, the Atlantic County authorities discovered Petitioner's presence in the state of Nevada, and on August 14, 2012, requested that the December 10, 2010, warrant be extended to cover the forty-eight (48) contiguous states. ECF No. 14-4, Request to Extend Territorial Limits; ECF No. 7-8, Sent'g Tr. at 9. Petitioner remained in the custody of Nevada until January 2011, when he was transferred to the Atlantic County Justice Facility, in Mays Landing, New Jersey. ECF No. 14-7, Interstate Agreement on Detainers Regarding Brent Morris.

On March 4, 2013, Petitioner signed his plea agreement, which recommends concurrent four-year sentences of imprisonment and jail time credit for time spent in the Atlantic County Justice Facility or out-of-state on a New Jersey detainer. ECF No. 7-5, Plea Agreement. That day, the trial court accepted his guilty plea. ECF No. 7-6, Plea Tr. at 9:3-5. A sentencing hearing was scheduled for April 12, 2013. At that hearing,

counsel for Petitioner raised the issue of the calculation of his jail time credits to be applied to Petitioner's four year sentence stipulated in his plea agreement.[3] ECF No. 7-7, Hr'g Tr. at 3. Instead of issuing the sentence that day, the trial court directed Petitioner to submit a letter brief on the jail credit calculation and reset the sentencing for April 19, 2013. Id. at 4.

On April 19, 2013, the trial court advised Petitioner that the court had considered the calculation of jail time credits and concluded that he was only entitled to approximately 260 days of jail time credits from August 14, 2012, the date on which his New Jersey detainer was extended to cover his presence in Nevada, through the date of the sentencing hearing. ECF No. 7-8, Sent'g Tr. at 2. The trial court also repeatedly advised Petitioner that if he did not want to accept that calculation, he could withdraw his guilty plea and go to trial. Id. at 2, 23, 26. At no point did Petitioner withdraw his guilty plea; in fact, he stated his intent to proceed with sentencing and challenge the calculation of the jail time credits on appeal. Id. at 7, 17, 26. The trial court awarded Petitioner jail time

---

[3] At some point prior to this hearing, counsel for Petitioner filed a motion to withdraw the guilty plea, see ECF No. 7-7, Hr'g Tr. at 2, but withdrew it in open court at the April 12 initial sentencing, id. at 3.

credit of 271 days, for his prior incarceration from the day his New Jersey bench warrant took effect in Nevada on August 14, 2012, through the date of sentencing, April 19, 2013, along with concurrent four-year sentences of imprisonment for the four counts to which Petitioner pled guilty. ECF No. 7-8, Sent'g Tr. at 30-32; ECF No. 7-4, Judgements of Conviction.

After sentencing, Petitioner appealed only the calculation of his jail credits to the Appellate Division of the Superior Court of New Jersey, Docket No. A-4928-12. ECF No. 6, Answer at 3. On February 11, 2014, the Appellate Division affirmed the sentence but remanded the matter to the trial court for entry of corrected Judgments of Conviction to reflect the proper amount of jail credits or gap time credits per New Jersey statute. ECF No. 7-10, Order. This was due to a prior miscalculation at sentencing which New Jersey acknowledged during oral argument before the Appellate Division. ECF No. 7-9, App. Tr. at 3:4–12.

Petitioner filed a petition for certification with the Supreme Court of New Jersey, requesting review of the Appellate Division's decision, Docket No. 74,163. ECF No. 14-10. The Supreme Court of New Jersey denied certification by order dated September 25, 2014. ECF No. 7-11.

Petitioner filed this Petition on October 28, 2014. ECF No. 1. According to his supplemental brief regarding mootness,

Petitioner states that his New Jersey sentence, including any parole, concluded on October 17, 2015. ECF No. 17 at 3.

**II. DISCUSSION**

**A. Legal Standard**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> . . .
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . .

28 U.S.C. § 2254.

Section 2254 "sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Glenn v. Wynder, 743 F.3d 402, 406 (3d Cir. 2014). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." Pinholster, 563 U.S. at 181.

A federal court's authority to grant habeas relief is further limited when a state court has adjudicated petitioner's federal claim on the merits. See 28 U.S.C. § 2254(d).[2] If a claim has been adjudicated on the merits in state court proceedings, this Court "has no authority to issue the writ of

---

[2] "[A] claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground." Lewis v. Horn, 581 F.3d 92, 100 (3d Cir. 2009) (quoting Thomas v. Horn, 570 F.3d 105, 117 (3d Cir. 2009)). "Section 2254(d) applies even where there has been a summary denial." Pinholster, 563 U.S. 170, 187. "In these circumstances, [petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the [state court's] decision." Id. (quoting Harrington v. Richter, 562 U.S. 86, 98 (2011)). See also Johnson v. Williams, 568 U.S. 289, 301 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted").

10

habeas corpus unless the [state court's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Parker v. Matthews, 567 U.S. 37, 40 (2012) (quoting 28 U.S.C. § 2254(d)).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' [and] therefore cannot form the basis for habeas relief under AEDPA." Parker, 567 U.S. at 48-49 (quoting 28 U.S.C. § 2254(d)(1)).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court applies a rule that

11

"contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result.]" Williams, 529 U.S. at 405-06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. However, under § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Williams, 529 U.S. at 410). "If this standard is difficult to meet--and it is--that is because it was meant to be." Burt v. Titlow, 134 S.Ct. 10, 16 (2013) (citations and internal quotation marks omitted). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. Pinholster, 563 U.S. 170, 181 (2011).

**B. Analysis**

Petitioner challenges the calculation of jail time credits to be applied to his New Jersey sentences. ECF No. 1, Pet. at

5-6. Because Petitioner is no longer confined under his New Jersey sentences and seeks only to challenge the application of his jail time credits, the Petition must be dismissed as moot.

A federal court has jurisdiction to entertain a habeas petition under 28 U.S.C. § 2254(a) "only if [a petitioner] is in custody in violation of the constitution or federal law." DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005). Generally, "for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed." Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003). After a petitioner's release from custody, a petition for writ of habeas corpus is moot unless the petitioner "can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand." DeFoy, 393 F.3d at 441–42, 442 n.3 (citing Carafas v. LaVallee, 391 U.S. 234, 237-38, (1968)). A collateral consequence satisfies the constitutional requirement of a case or controversy. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citing U.S. Const. art. III, § 2). When the petitioner is not challenging his criminal conviction, it is the petitioner's burden to demonstrate collateral consequences. United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002). A collateral consequence is a "concrete and continuing injury other than the now-ended

13

incarceration or parole" to the petitioner.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).

In his supplemental brief regarding mootness, Petitioner merely reargues the merits of his case, i.e. the application of jail time credits to his New Jersey sentences, rather than discussing a collateral consequence that would arise from the dismissal of his Petition as moot.  See ECF No. 17.  Instead, Petitioner asserts that "the honor of the government, public confidence in the fair administration of justice, and the efficient administration of justice" are "at stake" with his Petition.  Id. at 5.  Although important, those concepts are not consequences that would arise collaterally, to the detriment of Petitioner personally, from the dismissal of the Petition. Because Petitioner is no longer in custody for his New Jersey sentences and has demonstrated no collateral consequences, the Petition must thus be dismissed as moot for lack of a case or controversy.

Even if the Court were to presume or Petitioner were to demonstrate collateral consequences, the Court would still have to deny the Petition.  The calculation of jail time credits for a state law conviction is a matter of state law.  See, e.g., Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state . . . crediting

14

statutes is a matter of state concern only."); Travis v. A.L. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991); Lewis v. Caldwell, 609 F.2d 926, 928 (9th Cir. 1980); Beto v. Sykes, 403 F.2d 664, 665 (5th Cir. 1968); Hoover v. Snyder, 904 F. Supp. 232, 234 (D. Del. 1995); Cool v. Miller, No. 13-cv-1139, 2014 WL 11321655, at *3 (N.D. Ohio June 30, 2014); Harvey v. Aviles, No. 04-cv-5418, 2006 WL 624891, at *5 (D.N.J. March 10, 2006) ("Respondents correctly point out that interpretation of state law regarding jail credits for time served is a matter of state law not cognizable on federal habeas review").

"Because '[a]pplication of presentence jail time to a subsequent sentence is legislative grace and not a constitutional guarantee,' the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." Travis v. A.L. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991) (quoting Patino v. South Dakota, 851 F.2d 1118, 1120 (8th Cir. 1988)) (internal citation omitted). Because such a claim is not cognizable under federal habeas review, the Petition would be denied.

The Petition does not include an explicit claim under the Double Jeopardy Clause of the Fifth Amendment, but this District has previously considered whether a challenge to the calculation

of jail time credit would implicate the Double Jeopardy Clause. Harvey v. Aviles, 2006 WL 624891 (D.N.J. March 20, 2006). The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It prohibits multiple punishments for the same crime. Stiver v. Meko, 130 F.3d 574, 578 (3d Cir. 1997) (citing United States v. Halper, 490 U.S. 435, 440 (1989)).

In Harvey, the Court considered whether a failure to give a defendant credit for jail time already served effectively amounted to an increase in the sentence imposed. See 2006 WL 624891, at *5-6. After considering the matter and noting that the calculation of jail time credit is a matter of state law only, the Court found "no error of constitutional dimension in the awarding of jail credits." Id. at *6. Because "[p]etitioner has not been subjected to multiple punishments for the same offense, he has not been subjected to a violation of the Double Jeopardy Clause." Id. (citing Stiver v. Meko, 130 F.3d 574, 578–79 (3d Cir. 1997)). Here, Petitioner has also not been subject to multiple punishments for the same offense. For this reason, the Petition would also be denied if Petitioner had raised a claim under the Double Jeopardy Clause of the Fifth

16

Amendment.[4]

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing

---

[4] The Court notes that Petitioner references once the Eighth Amendment in the Petition. See ECF No. 1, Pet. at 3. Besides this passing reference, Petitioner makes no argument regarding the Eighth Amendment, the sort of claim he seeks to bring thereunder, or any clearly established Eighth Amendment Supreme Court case law. As the Supreme Court of the United States has stated, the "clearly established" Supreme Court case law regarding the Eighth Amendment applicable here is that "[a] gross disproportionality principle is applicable to sentences for terms of years." Lockyer v. Andrade, 538 U.S. 63, 72 (2003). Petitioner has not raised nor has he intended to raise such a claim in the Petition, as he explicitly states that his sole ground for relief is that "he was denied the benefit of his plea bargain because [the state trial court] failed to award him 940 discretionary jail credits." ECF No. 1, Pet. at 5-6.

of the denial of a constitutional right.  Thus, no certificate of appealability shall issue.

**IV.   CONCLUSION**

For the above reasons, the § 2254 habeas petition is dismissed as moot, and a certificate of appealability will not issue.  An appropriate Order follows.


Dated: March 6, 2018                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.